**Donald LANE, for himself and all others similarly situated, Plaintiff-Appellant,**

v.

**John INMAN, etc., et al., etc., Defendants-Appellees.**

**No. 74–1140.**

United States Court of Appeals, Fifth Circuit.

March 10, 1975.

Robert Dokson, Jacqueline Bennett, Alden C. Harrington, Thomas A. Bowman, Atlanta, Ga., for plaintiff-appellant.

James H. Weeks, Henry L. Bowden, Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

BELL, Circuit Judge:

This appeal involves the tag-end of a civil rights suit. We affirm.

Appellant pleaded guilty in the district court in 1970 to the offense of smuggling marijuana into the United States in violation of then 21 U.S.C.A. § 176 a, and received a probated sentence of three years. In 1971, he applied for and was granted a permit by the City of Atlanta to drive a taxi. In 1973, his file was reviewed because of a dispute with a passenger. The marijuana conviction was discovered and his permit was revoked, after notice and hearing, on the basis of an Atlanta ordinance which proscribed permits to persons convicted of such an offense. Feeling aggrieved by this ruling and particularly because the prior conviction had been disclosed in his original application for a permit, appellant filed suit seeking declaratory and injunctive relief, lost earnings and attorneys' fees.

It developed that appellant was without his permit from July 27 to August 13, 1973, at which time the ordinance was rescinded at the suggestion of the district court. This mooted the claim for declaratory and injunctive relief but the

suit proceeded in an effort to collect damages in the form of lost earnings in the amount of $200.00 and attorneys' fees. At this point the district court dismissed the complaint on a limited immunity theory said to be applicable to municipal officers. The defendants here are the Mayor, Vice-Mayor, Police Chief, Members of the Aldermanic Police Committee, and a police officer responsible for the issuance of taxi driver permits.

■ As did the district court, we pretermit decision on the validity of the ordinance in question, assuming its invalidity *arguendo*. Instead, we decide the case on the good faith defense which is applicable to a claim for damages of the type here under the Civil Rights Act. 42 U.S.C.A. § 1983.

With respect to the good faith defense, Justice Stewart, then a member of the Sixth Circuit, in ruling for municipal officers in a civil rights suit claiming damages to a business because of invalid ordinances, described the good faith defense and the limited immunity in terms of a qualified privilege. Nelson v. Knox, 6 Cir., 1958, 256 F.2d 312, 315. It was pointed out that municipal officers did not enjoy complete immunity in such a case but only a qualified privilege in the form of a defense against civil liability for acts done by them in good faith in the performance of their official duty.

This line of reasoning has been adopted in our court. *See* Traylor v. City of Amarillo, 5 Cir., 1974, 492 F.2d 1156, 1157–58 n. 2. *See also* Donaldson v. O'Connor, 5 Cir., 1974, 493 F.2d 507, 530, cert. granted, 419 U.S. 894, 95 S.Ct. 171, 42 L.Ed.2d 138 (1974), where Judge Wisdom spoke in terms of "good faith for qualified governmental immunity", allowing immunity (1) when the officers' acts are discretionary and (2) the officers have acted in good faith.

In these cases, good faith was submitted as a factual issue. Here we proceed on undisputed facts that the defendants were performing discretionary acts within the scope of their offices with no claim whatever having been asserted of bad faith. The underlying premise of the district court's finding of limited immunity was an assumption of good faith. Taking the case at this stage, we will not vacate and remand for a factual finding on good faith, given the posture that bad faith is not claimed.

■■ Appellant's other contention is that the ordinance had a racially discriminatory effect. This argument rests on the statistical theorem often used in voter, juror and employment discrimination cases to make out a prima facie case. In such cases it is enough to show a substantial difference in the treatment of the black and white classes. *See* Bing v. Roadway Express, Inc., 5 Cir., 1971, 444 F.2d 687, 689, and the cases there cited. The argument here is that more blacks have been convicted of disqualifying criminal offenses than whites and therefore, as we understand the argument, it is improper to deny a taxi driver permit to a black under the ordinance. We decline to extend the statistical premise to the award of a taxicab permit involving only one person. We also decline to extend our employment testing device holding of discrimination in Cooper v. Allen, 5 Cir., 1972, 467 F.2d 836, to this case where the ordinance, as distinguished from employment mental and ability tests, is so obviously job-related in determining who is to be entrusted to operate taxicabs. The district court offered appellant an opportunity to plead and prove that the ordinance was enacted with discriminatory intent, or that it was enforced in a racially discriminatory manner, but the offer was declined.

■ We also find no error in the refusal to award attorneys' fees.

Affirmed.